# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CATALINA WORLDWIDE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION FILE NO. |
| | ) |
| INFORMATION AND | ) _____ |
| INFRASTRUCTURE | ) |
| TECHNOLOGIES, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Catalina Worldwide, LLC ("Catalina") hereby files this Complaint against Defendant Information and Infrastructure Technologies, Inc. ("IIT" or "Defendant"), respectfully showing this Court as follows:

## INTRODUCTION

1. This is a breach of contract action for certain monies owed under the Portal Licensing, Exclusive Sales Organization and Services Agreement ("Agreement") entered between the parties with an effective date of June 16, 2021, a true and correct copy of which is attached hereto as **EXHIBIT A**, as well as their subsequent course of dealing. The Agreement sets forth generally the payment obligations of IIT in Exhibits B and C attached thereto.

2. Presently, IIT is past due on the invoices relating to the Agreement for February, March, and April 2022. True and correct copies of these invoices are attached hereto as composite **EXHIBIT B**. The amount invoiced to IIT was $103,017.31, exclusive of pre- and post-judgment interest, attorney's fees, and costs.

3. Catalina fully performed under the Agreement and the Parties' course of dealing, and IIT's failure to pay is unjustified. Therefore, Catalina brings this action to recover the amounts owed, as well as reimbursement of its costs and attorney's fees as permitted by the Agreement.

### PARTIES, JURISDICTION, AND VENUE

4. Catalina is a limited liability company and developer of certain software and governance, risk management, and compliance ("GRC") portals organized and existing under the laws of the State of Georgia. Catalina maintains its principal place of business at 260 Peachtree St. NW, Ste 2233, Atlanta, Georgia 30303. Catalina's sole member, Jeff Schlauder, is a Georgia resident.

5. IIT is a company organized and existing under the laws of the State of Delaware. It maintains its principle place of business at 13873 Park Center Road, Ste 200, Herndon, Virginia 20171. IIT is registered to do business in the State of Georgia and can be served with process by serving its Registered Agent, Corporation

Service Company, 2 Sun Court, Ste 400, Peachtree Corners, Georgia 30092.

6. This Court has personal jurisdiction over IIT because: (a) IIT regularly transacts business in the State of Georgia; (b) the instant dispute involves a contract to be performed in the State of Georgia with a Georgia resident; and (c) because subjecting IIT to the jurisdiction of this Court will not offend fairness or due process.

7. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

8. Venue is proper in this Court because: (a) all or most of the operative facts relating to this dispute have occurred in this district; (b) this matter involves a contract to be performed in this district; (c) IIT solicited Catalina's business by contacting Catalina through its Atlanta office and calling and emailing Catalina's managing member, Jeff Schlauder, at his home office in Dawson County, Georgia throughout the course of their dealings; (d) Catalina provided all services contracted for by IIT in Fulton County and Dawson County, Georgia; and (e) because the harm caused to Plaintiff occurred in this district.

# FACTS

## A. The Agreement

9. The Parties entered the Agreement with an effective date of June 16, 2021. The Agreement provides that IIT will be the exclusive sales and service organization for Catalina's GRC Portal ("Alta") software offering. The Agreement set forth the Parties' obligations in Exhibits B ("Pricing and Payment") and C ("Professional Services") attached thereto. *See* Agreement, § 4(a) & Exs. B-C.

## B. Catalina's Provision of Professional Services and IIT's Obligation to Pay Service Fees.

10. In exchange for Catalina providing the Professional Services described in Section 1 of Exhibit C, IIT was to pay Catalina the greater of $30,000.00 per month or 50% of IIT's gross monthly profit. *Id*. at § 3(a) & Ex. B §§ 1-3.

11. The Professional Services Catalina provided were:

   1. Setup and management of AWS [Amazon Web Services] infrastructure and services for two Catalina GRC Portal instances/environments consisting of one development instance and one production instance in AWS East region.

   2. Up to 400 hours towards management and development of the existing Catalina GRC Portal with a focus on the following areas, listed in priority order: software security updates, bugs and functionality defects, software updates, code maintenance, followed by new development aligned with customer requests and then an agreed upon application features and functionality roadmap.

    3. Up to 160 hours of quality assurance analysis, process documentation, and training related to Catalina's GRC Portal features and functionality.

    4. Up to 20 hours of AWS Architecture and Engineering support including systems automation and software updates.

*Id*. at Ex. C., § 1.

### C. Catalina's Provision of Additional Required Software and Services for the GRC Portal and the Parties' Course of Dealing.

12. The Agreement also specifies that the GRC Portal "requires additional software, hosting, and ongoing services beyond the scope of the software and services provided by Catalina Worldwide," termed "Additional Required Software and Services." *See* Agreement at Ex. C, § 2.

13. These Additional Required Software and Services include, but are not limited to, web hosting services, two-factor identification software, and service desk support.

14. The cost of the Additional Required Software and Services is not included in the Service Fee. *Id*.; *see also* Agreement at Ex. B.

15. The Additional Required Software and Services "are not the responsibility of Catalina Worldwide to provide[.]" Agreement at Ex. C, § 2.

16. Nevertheless, Catalina procured and provided the Additional Required Software and Services to facilitate IIT's use of the GRC Portal and invoiced IIT for them.

17. IIT generally paid the portions of the invoices reimbursing Catalina for the Additional Required Software and Services until February 2022.

18. Consequently, the Parties' course of dealing modified the Agreement with respect to the Additional Required Software and Services.

**D. IIT's Failure to Pay the Invoices for February, March, and April 2022.**

19. Catalina fully performed the Professional Services under the Agreement in February 2022, provided the Additional Required Software and Services, and invoiced IIT in the normal course of business. *See* Exhibit B attached hereto at Invoice No. 6.

20. Invoice No. 6 totaled $33,862.74, comprising the $30,000.00 service fee, $2,962.22 for GovCloud[1] web hosting services related only to IIT, $319.00 for two-factor identification software, and $298.00 for service desk support. *Id*.

---

[1] "AWS GovCloud (US) is an isolated AWS region designed to host sensitive data and regulated workloads in the cloud, helping customers support their US government compliance requirements[.]" *See AWS GovCloud*, AMAZON, https://aws.amazon.com/govcloud-us/getting-started/ (last visited July 13, 2022).

21. IIT never paid Invoice No. 6 for Professional Services and Additional Required Software and Services in February 2022.

22. On March 10, 2022, IIT's Chief Executive Officer, A.J. Johnson, emailed Catalina's managing member, Jeff Schlauder, and confirmed: "IIT fully intends to comply with the contract," including paying all amounts owed. A true and correct copy of this email correspondence is attached hereto as **EXHIBIT C**.

23. In reliance on IIT's promise, Catalina fully performed the Professional Services under the Agreement in March 2022, provided the Additional Required Software and Services, and invoiced IIT in the normal course of business. *See* Exhibit B attached hereto at Invoice No. 7.

24. Invoice No. 7 totaled $34,399.28, comprising the $30,000.00 service fee, $3,305.05 for GovCloud web hosting services related only to IIT, $352.00 for two-factor identification software, and $495.00 for service desk support. *Id*.

25. IIT never paid Invoice No. 7 for Professional Services and Additional Required Software and Services in March 2022.

26. In or around April 2022, IIT's Chief Financial Officer, Jim McDermott, called Jeff Schlauder. Mr. McDermott informed Mr. Schlauder that IIT was having cashflow problems but Catalina's outstanding invoices were at the "top of the stack

and would get paid." Catalina continued performing under the Agreement based on this assurance.

27. Catalina fully performed the Professional Services under the Agreement in April 2022, provided the Additional Required Software and Services, and invoiced IIT in the normal course of business. *See* Exhibit B attached hereto at Invoice No. 8.

28. Invoice No. 8 totaled $103,017.31, comprising the amounts owed under Invoice Nos. 6 and 7, plus the $30,000.00 service fee, $3,632.90 for GovCloud web hosting services related only to IIT, $381.60 for two-factor identification software, and $496.02 for service desk support in the month of April. *Id*.

29. However, IIT has failed to pay Invoice No. 8 for Professional Services and Additional Required Software and Services in February, March, and April, 2022.

30. Because of these and other material defaults in the performance of IIT's duties and obligations under the Agreement, Catalina terminated the agreement effective April 30, 2022.

31. On June 7, 2022, Catalina demanded payment in full of the $103,017.31 invoiced to IIT via a letter of the undersigned counsel.

32. However, IIT still refuses to pay.

33. Therefore, Catalina is entitled to all remedies available at law and under the Agreement, including compensatory damages, attorney's fees and costs under Section 11(d) of the Agreement, and pre- and post-judgment interest according to law.[2]

## COUNT ONE
## BREACH OF CONTRACT

34. Catalina incorporates by reference each and every allegation of this Complaint as if fully set forth herein.

35. Catalina fully performed its obligation to provide Professional Services under the Agreement in February, March, and April 2022.

36. Catalina also procured and provided the Additional Required Software and Services in February, March, and April 2022 in accordance with the Parties' course of dealing.

37. The amount owed for Catalina's services in February, March, and April 2022 is $102,241.79. *See* Ex. B.

38. IIT was legally obligated under the Agreement and the Parties' course of dealing to pay this amount.

---

[2] The Agreement is governed by Virginia law. *See* Agreement § 11(h).

39. Catalina invoiced IIT for each month's payment in the normal course of business.

40. IIT never paid Catalina the amounts owed for Professional Services and the Additional Required Software and Services provided in February, March, and April 2022.

41. Therefore, IIT breached the Agreement and the Parties' course of dealing by failing to pay the $102,241.79 for services rendered.

42. IIT's breach caused Catalina harm by failing to compensate it for services rendered.

43. Therefore, Catalina is entitled to recover $102,241.79 in damages.

## COUNT TWO
## UNJUST ENRICHMENT

44. Catalina incorporates by reference each and every allegation of this Complaint as if fully set forth herein.

45. Additionally, or in the alternative, IIT is liable to reimburse Catalina for the Additional Required Software and Services under the doctrine of unjust enrichment.

46. Catalina was not required to provide the Additional Required Software and Services under the Agreement's plain language. *See* Ex. C. at § 2.

47. By providing the Additional Required Software and Services, Catalina conferred a benefit upon IIT and its customers that allowed them to utilize the GRC Portal licensed under the Agreement.

48. IIT knew of this benefit and had previously paid for the Additional Required Software and Services before February 2022.

49. IIT accepted and retained the benefit of the Additional Required Software and Services in February, March, and April 2022 by continuing to utilize the GRC Portal, which would not have operated without the Additional Required Software and Services.

50. However, IIT failed to reimburse Catalina for the Additional Required Software and Services in February, March, and April 2022.

51. In these circumstances, it would be inequitable for IIT to retain the benefit of the Additional Required Software and Services without paying for their value.

52. Therefore, Catalina is entitled to reimbursement of the Additional Required Software and Services in the amount of $12,241.79.

## COUNT THREE
## ATTORNEY'S FEES UNDER AGREEMENT § 11(d)

53. Catalina incorporates by reference each and every allegation of this Complaint as if fully set forth herein.

54. Virginia law allows courts to award attorney's fees and costs when a contractual provision authorizes the award and the Plaintiff prevails. *Hiss v. Friedberg*, 201 Va. 572, 577, 112 S.E.2d 871, 875 (1960).

55. Agreement Section 11(d) – *Legal Expenses* provides: "The prevailing party in any legal action brought by one party against the other and arising out of this Agreement shall be entitled, in addition to any other rights and remedies it may have, to reimbursement for its expenses, including court costs and reasonable attorney's fees." *See* Agreement § 11(d).

56. Catalina's claim arises out of the Agreement.

57. Catalina will prevail on its claim because IIT is in clear breach of contract for the reasons described above.

58. Therefore, Catalina is entitled to an award of attorney's fees and costs under Agreement § 11(d) in an amount to be proven at trial.

## REQUEST FOR RELIEF

WHEREFORE, Catalina respectfully requests the following:

(a) That Plaintiff be awarded damages in the amount of $102,241.79;

(b) That Plaintiff be awarded its costs and expenses incurred in pursuing this action, as well as all reasonable attorney's fees incurred therewith;

(c) That Plaintiff be awarded prejudgment interest on the liquidated amount of $102,241.79 pursuant to O.C.G.A. §§ 7-4-15 and 13-6-13[3] and post-judgment interest according to law;

(d) Pursuant to Fed. R. Civ. P. 38, Catalina demands a jury trial on all issues so triable; and

(e) For any further or additional relief that justice requires.

---

[3] Although the Agreement is governed by Virginia law, at least one Georgia court has held that, in the absence of an agreement regarding interest in a contract governed by Virginia law, Georgia statutes apply. *CRS Sirrine, Inc. v. Dravo Corp.*, 213 Ga. App. 710, 719, 445 S.E.2d 782, 790 (1994) (applying O.C.G.A. § 13-6-13 to unliquidated breach of contract claim in agreement governed by Virginia law). The Agreement does not contain an agreement on interest. Therefore, Plaintiff demands prejudgment interest under O.C.G.A. §§ 7-4-15 and 13-6-13. To the extent the Court determines prejudgment interest is a substantive element of damages under Georgia law, and therefore, is governed by the Agreement's Virginia choice of law provision, Plaintiff prays for an award of prejudgment interest under Va. Code Ann. § 8.01-328.

Respectfully submitted this 13th day of July 2022.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

<u>/s/ L. Clint Crosby</u>
L. Clint Crosby
Georgia Bar No. 197877
Tyler P. Bishop
Georgia Bar No. 566705
Suite 1500, Monarch Plaza
3414 Peachtree Rd. NE
Atlanta, Georgia 30326
404.577.6000 (Telephone)
404.221.6501 (Facsimile)
ccrosby@bakerdonelson.com
tbishop@bakerdonelson.com

*Counsel for Plaintiff*