UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CATALINA WORLDWIDE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> INFORMATION AND INFRASTRUCTURE TECHNOLOGIES, INC., <br><br> Defendant. | CIVIL ACTION NO.: <br> 1:22-CV-02757-JPB |

# ORDER

This matter is before the Court on Catalina Worldwide, LLC's ("Plaintiff") Request for Clerk's Entry of Default [Doc. 6] and Motion to Strike Answer and Motion to Strike Counterclaim or, in the alternative, Motion to Dismiss Counterclaim [Doc. 9], and Information and Infrastructure Technologies, Inc.'s ("Defendant") Alternative Motion to Amend its Counterclaim [Doc. 12]. The Court finds as follows:

## PROCEDURAL HISTORY

Plaintiff filed this action against Defendant on July 13, 2022. [Doc. 1]. Defendant was served on July 15, 2022, and therefore Defendant's deadline to file an answer was August 5, 2022. [Doc. 5].

Defendant did not file an answer by August 5, 2022. As a result, on August 17, 2022, Plaintiff filed a Request for Clerk's Entry of Default. [Doc. 6]. Later that same day, Defendant filed its Answer to Complaint and Counterclaim. [Doc. 7]. Thereafter, on September 6, 2022, Plaintiff filed its Motion to Strike Answer and Motion to Strike Counterclaim or, in the alternative, Motion to Dismiss Counterclaim. [Doc. 9]. On September 20, 2022, Defendant filed its response and Alternative Motion to Amend Counterclaim to Provide More Specificity. [Doc. 12].

## DISCUSSION

### A.  Request for Clerk's Entry of Default

As stated above, Plaintiff has filed a request for Clerk's Entry of Default. Federal Rule of Civil Procedure 55(a) provides that the clerk must enter a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Although Rule 55(a) directs the clerk to enter a default under certain circumstances, the Court has authority to do likewise. See, e.g., Quick v. Nat'l Credit Sys., Inc., No. 1:13-CV-01200, 2013 WL 12382349, at *2 (N.D. Ga. Sept. 26, 2013) ("[I]t is well-established that a default also may be entered by the court." (quoting Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co., 433 F. Supp. 2d 933,

941 (N.D. Ind. 2005))); Developers Sur. & Indem. Co. v. Quality Touch Concrete, Inc., No. 3:09-CV-600, 2009 WL 4015566, at *1 (M.D. Fla. Nov. 19, 2009) ("An order for entry of default is within the discretion of the Court."); United States v. One 2005 Cadillac Escalade, No. 1:05-CV-3227, 2007 WL 9702276, at *2 (N.D. Ga. May 24, 2007) ("Although [Rule 55(a)] speaks in terms of the clerk's ability to enter default, it does not limit the authority of the Court to do likewise.").  In exercising its discretion, the Court may decline to enter a default if it is clear the Court would later set aside the default on the motion of the defaulting party. Romano v. Interstate Express, Inc., No. 408CV121, 2009 WL 464185, at *2 (S.D. Ga. Feb. 24, 2009) ("[I]f the Court determines that [Defendant] has shown 'good cause' to set aside an entry of default, 'then entry of a default by the Clerk would be a waste of effort' and need not be undertaken at all." (quoting Sys. Indus., Inc. v. Han, 105 F.R.D. 72, 74 (E.D. Pa. 1985), vacated on other grounds, 1986 WL 10551 (E.D. Pa. Sept. 15, 1986))).

In this case, Defendant argues the Court should not enter a default because the default would readily be set aside.  Federal Rule of Civil Procedure 55(c) provides that a court "may set aside an entry of default for good cause."  Good cause is a "mutable standard, varying from situation to situation." Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88

F.3d 948, 951 (11th Cir. 1996).  This standard is "a liberal one"—but "not so elastic as to be devoid of substance."  Id.  In determining whether good cause exists, courts generally examine the following factors:  (1) whether the default was culpable or willful; (2) whether setting it aside would prejudice the adversary; and (3) whether the defaulting party presents a meritorious defense.  Id.  Although courts may consider additional factors, "[w]hatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default."  Id.  Further guiding the Court in its determination is the overarching principle that judgements by default are generally not favored, and "any doubts should be resolved in favor of permitting a hearing on the merits."  Ramussen v. W. E. Hutton & Co., 68 F.R.D. 231, 233 (N.D. Ga. 1975).

It is undisputed that Defendant was in default when it filed its answer.  Before entering a default, however, the Court will analyze whether the default would readily be set aside upon the filing of a motion.

### 1.   Was Defendant's Default Culpable or Willful?

The Court will first analyze whether the default was culpable or willful.  At the time the answer was due on August 5, 2022, Defendant was actively seeking representation, but it had not yet retained counsel to handle this matter.  [Doc. 8, p.

3]. After two law firms declined to handle the matter, Defendant retained its current attorney on August 16, 2022, and filed its answer on August 17, 2022. Id. While Defendant's answer was not timely, Defendant filed it just one day after it was able to retain counsel. Here, there is nothing in the record to suggest Defendant's failure to timely answer resulted from an intentional or reckless disregard for the judicial proceedings in this case. Given Defendant's setbacks in retaining counsel, and its prompt answer after retaining counsel, the Court finds Defendant's default was not culpable or willful.

### 2.     Will Setting Aside the Default Prejudice Plaintiff?

The Court will next consider whether setting the default aside would prejudice the adversary. Plaintiff argues the clerk must enter a default based on Defendant's failure to timely answer, but it has not shown how it would suffer prejudice if the Court excuses the default. In this case, Defendant's answer was filed twelve days late. This case is still in the initial phases of litigation, and the parties have yet to file a Joint Preliminary Report and Discovery Plan. Based on this minor delay at an early stage of the case, the Court finds the prejudice Plaintiff will suffer by setting aside the default is minimal.

### 3. Does Defendant Present a Meritorious Defense?

As to whether the defaulting party presents a meritorious defense, Defendant's answer, among other defenses, denies the alleged agreement was binding and enforceable, denies the parties' course of conduct created any binding obligations on Defendant and denies that Plaintiff provided legitimate services to Defendant. [Doc. 7]. Defendant also set forth a counterclaim with its answer, which, in summary, alleges Plaintiff joined in a fraudulent investment scheme to transfer all of Defendant's assets to Plaintiff. Id. To satisfy this factor, Defendant "need not recite and prove up facts to support his claimed defense." Romano, 2009 WL 464185, at *3 (citing Ramussen, 68 F.R.D. at 234). Rather, allegations of a meritorious defense are sufficient. Id. Therefore, the Court finds Defendant has presented a meritorious defense.

After analyzing the factors above, the Court finds that the default would readily be set aside upon the filing of a motion. Accordingly, Plaintiff's Request for Clerk's Entry of Default [Doc. 6] is **DENIED**. The Court will consider Defendant's answer and counterclaim as timely filed.

### B. Motion to Dismiss Counterclaim

On September 6, 2022, Plaintiff filed its Motion to Strike Answer and Motion to Strike Counterclaim or, in the alternative, Motion to Dismiss

Counterclaim. In the motion, Plaintiff asks the Court to strike the answer and counterclaim because they were untimely. As explained in the preceding section, the Court will consider the answer and counterclaim timely filed. Thus, to the extent Plaintiff's motion seeks to strike based on untimeliness, the motion is **DENIED**.

Alternatively, Plaintiff moves to dismiss Defendant's counterclaim for failure to state a claim. "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the [complainant]." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). In determining whether Defendant's counterclaim should be dismissed for failure to state a claim, Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although detailed factual allegations are not necessarily required, the pleading must contain more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

Further, Federal Rule of Civil Procedure 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." To meet this pleading standard, "a [complainant] must allege: '(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the [complainant]; and (4) what the [respondent] gained by the alleged fraud.'" Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1291 (11th Cir. 2010) (quoting Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1380–81 (11th Cir. 1997)).  This heightened pleading requirement serves an important purpose: to "provide the [respondent] with sufficient notice of the acts of which [the complainant] complains to enable them to frame a response, prevent fishing expeditions to uncover imagined wrongs, and protect [the respondent] from unfounded accusations of immoral and otherwise wrongful conduct." U.S. ex rel. Clausen v. Lab'y Corp. of Am., 198 F.R.D. 560, 562 (N.D. Ga. 2000), aff'd, 290 F.3d 1301 (11th Cir. 2002).

Plaintiff argues Defendant's counterclaim fails to state a claim because it fails to meet Federal Rule of Civil Procedure 9(b)'s heightened pleading standard. The Court agrees. Defendant alleges Plaintiff joined two of Defendant's former executives in a fraudulent scheme, but it provides no dates, times or places.

Defendant's counterclaim names one individual who was allegedly part of the scheme, but it provides no information about the individual's role or conduct. Further, Defendant's counterclaim alleges Plaintiff knowingly made false representations on which Defendant justifiably relied, but Defendant does not present facts about the content of the allegedly false representations, or how Defendant relied on the representations.  These vague allegations are insufficient to place Plaintiff on notice of the conduct at issue.  Therefore, the Court finds Defendant's counterclaim falls short of sufficiently stating a claim for fraud and Plaintiff's alternative motion to dismiss Defendant's counterclaim is **GRANTED**.

In its response to Plaintiff's motion to dismiss Defendant's counterclaim, Defendant moved, in the alternative, to amend its counterclaim to provide more specificity.  Federal Rule of Civil Procedure 15(a)(2) provides "[t]he court should freely give leave [to amend] when justice so requires."  Accordingly, leave will be **GRANTED**.  Defendant shall file an amended counterclaim no later than fourteen (14) days from the date of this Order.

## CONCLUSION

For the reasons stated above, Plaintiff's Request for Clerk's Entry of Default [Doc. 6] is **DENIED**, and Plaintiff's Motion to Dismiss Counterclaim [Doc. 9] is **GRANTED**.  Defendant's Alternative Motion to Amend its Counterclaim [Doc.

12] is **GRANTED**, and Defendant is **HEREBY ORDERED** to file its amended counterclaim within fourteen (14) days of this Order.

Local Rule 16.2 requires parties to submit a Joint Preliminary Report and Discovery Plan. "The completed form must be filed within thirty days after the appearance of the first defendant by answer or motion or within thirty days after a removed case is filed in this Court." LR 16.2. To date, the parties have not submitted their plan even though an answer was filed on August 17, 2022.

The parties are **HEREBY ORDERED** to file the Joint Preliminary Report and Discovery Plan no later than thirty (30) days from the date of this Order. The parties are notified that a failure to comply with this Order may result in sanctions, including dismissal. In the event a Joint Preliminary Report and Discovery Plan is not filed, the Clerk is **DIRECTED** to submit the case at the expiration of the applicable time period.

**SO ORDERED** this 19th day of January, 2023.

_____
J. P. BOULEE
United States District Judge